KLUTTS v. THE ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAIL-
WAY COMPANY, *Appellant.*

1. **Action for Personal Injuries :** INSTRUCTION. The trial court, in an action for personal injuries, instructed the jury that if they should find for plaintiff, they should allow " First the expenses incurred by plaintiff in attempting to cure himself of his injuries ; Second, His loss of time ; Third, His bodily pain and suffering and mental anguish," etc., etc. *Held,* that this instruction, while not as definite and precise as it might have been, was not open to the objection that it assumed that plaintiff had incurred expense, lost time and endured bodily pain, etc., and the judgment should not

be reversed for the mere want of precision, especially as plaintiff's evidence as to these matters was not contradicted.

2. ———— : ————. The trial court, in an action for personal injuries, instructed the jury that although plaintiff may not have employed a skillful surgeon to attend him, still "if he did exercise such care and attention in regard to his case as a prudent man would under his particular circumstances and situation have done," they should find for him. In other instructions the jury were told in detail what facts within the range of the evidence, if found, would constitute contributory negligence and prevent plaintiff's recovery. *Held*, that the instruction quoted, though general, was not misleading, and taking all the instructions together the question of negligence was fairly presented to the jury.

3. **Verdict.** A verdict for $3,500 for personal injuries; *Held*, not excessive.

*Appeal from Mississippi Circuit Court.*—Hon. D. L. HAWKINS, Judge.

AFFIRMED.

*Bennett Pike* for appellant.

*Robt. Waide* and *J. B. Dennis* for respondent.

HENRY, J.—This is a suit to recover damages for alleged personal injuries sustained by plaintiff in consequence of a train of defendant's cars, on which plaintiff was a passenger, being precipitated over an embankment of said road. The controversy is in relation to the extent of plaintiff's injury, and his alleged contributory negligence after he was injured, whereby it was aggravated, the defendant insisting and having introduced evidence tending to prove that plaintiff had imprudently exposed himself, and failed to procure proper medical attention after he received the injury; defendant also claiming that the cars were thrown from the track in consequence of a hidden defect in the iron rail, which no examination would have disclosed. There was a judgment for plaintiff for $3,500, from which defendant has appealed.

For plaintiff the court instructed the jury as follows:

1. If the jury believe from the evidence that defendant, through negligence or carelessness, (and without negligence on the part of plaintiff,) inflicted upon plaintiff, any of the injuries mentioned in the petition, they will find for plaintiff, and assess his damages at such sum as they may think him entitled to, not to exceed the sum of $10,000.

2. Negligence in its primary sense is the want of care, caution, diligence, skill or discretion in the performance of an act or duty, by one having no intention to injure the person complaining thereof, and includes every omission to perform a duty imposed by law, for the avoidance of injury to persons or property. Railroad companies are bound to maintain a good, safe track and road-bed at all times; and proof of a break in the track by which the cars were thrown off is sufficient evidence of negligence to put the company upon the defense in an action by a passenger for injuries sustained.

3. If the jury find for plaintiff, they will allow, first, the expenses incurred by plaintiff in attempting to cure himself of his injuries. Second, His loss of time occasioned by this. Third, His bodily pain and suffering, and mental anguish. Fourth, The present and prospective condition of the wounded limbs and spine resulting from the injury; and to this sum they may add the future effect of the injuries upon his health, the use of his limbs and spine, his ability to labor, and attend to his affairs, and generally to pursue the course of life and business he might otherwise have done, and which are the direct, legal and necessary results of the injuries.

4. If the jury believe from the evidence that after the accident, by which plaintiff was injured, had occurred, defendant employed a surgeon, or sent one of their surgeons employed to visit the wounded and attend them, that in waiting upon plaintiff, he made a mere cursory examination or none at all, and dressed his injuries in an

unskillful manner, then injuries resulting from this fact cannot be imputed to the plaintiff for negligence.

5. If plaintiff exercised such care and attention in regard to his injuries, as a careful and prudent man should have done, under the particular condition and circumstances of the plaintiff, after the injuries were received, he is not debarred from recovering from the defendant all the damages which resulted from his injuries, although a part of it may have been caused by the unskillfulness of the surgeon who treated him.

6. Although the jury may believe from the evidence that plaintiff did not employ a skillful surgeon to attend him, after he discovered the nature of his injuries, still if they believe that plaintiff exercised such care and attention in regard to his case as a prudent man would under his particular circumstances and situation have done, then plaintiff is not guilty of contributory negligence.

For the defendant the court instructed as follows:

1. Railway companies do not warrant the safety of passengers.

2. And if the jury believe from the evidence that the track, ties, embankment and rails upon which defendant operated its train of cars at the time of the accident, were reasonably safe for the purpose for which they were erected and constructed, and without any fault, omission or neglect of defendant, the car in which plaintiff was a passenger, was thrown from the track, plaintiff cannot recover for an injury occasioned by said accident.

3. If the jury believe from the evidence that plaintiff was injured, as alleged, on defendant's railway, and that after receiving such injuries, he was advised by a surgeon who examined his fractures and wounds to have his wrist set, and his collar-bone set, and that he for any cause refused to have this done, and permitted the said fractured members to remain unset, and unreduced, and by reason of such refusal, the said fracture and wounds have been aggravated and been rendered permanent, then for such

injuries so aggravated and rendered permanent, plaintiff cannot recover damages.

4.  If the jury believe from the evidence that plaintiff was injured by the accident on defendant's railroad, and had the head of his left ulna fractured, and his collar-bone broken, a portion of the tibia of his left leg fractured, and his back hurt, and that after receiving these injuries, he walked along the embankment of defendant's railway, and mounted into the cars, went to Charleston on said road, and stayed all day at Charleston, and took passage at Charleston on one of defendant's trains to Poplar Bluff, and was thence driven to Kitchen's Hotel in Poplar Bluff, and was thence driven four miles to his sister's house, and that he walked out to a graveyard there, that he remained there two or three days, and then returned to Poplar Bluff in an open farm wagon, then took passage on defendant's cars and returned to Charleston, and then went to Union City, Tennessee, and thence to Gleason station, Tennessee, and thence home, and that during all this time, plaintiff failed and neglected to call in and upon a competent surgeon to attend to said injuries and fractures, and that he walked every day since, and gave his spine no opportunity to recover by rest and quiet, and his injuries were thereby aggravated, and if they further find that the failure of plaintiff to consult a competent surgeon, and the other acts and conduct of plaintiff constituted negligence, directly contributing to the aggravation and permanence of the said injuries and pain and suffering therefrom, then plaintiff can recover no damages from defendant by reason of injuries thus enhanced, aggravated and made permanent.

5.  Even though the jury believe from the evidence that plaintiff was injured in his spine, leg, arm and wrist, by reason of the accident complained of, yet, if they further find from the evidence that after receiving the injuries complained of, he failed to exercise reasonable care and diligence in the choice and employment of a competent surgeon to attend to the same, and the means to effect a

speedy and complete cure of the wounds, and that by reason of such failure to exercise such reasonable care and diligence, his said injuries were rendered permanent, or his suffering enhanced, then plaintiff cannot recover for such injuries or suffering caused or enhanced by his neglect to use such care and diligence.

If the jury believe from the evidence that plaintiff was injured on defendant's railway, while a passenger thereon, and the injuries received were at the time of the accident slight, and that thereafter he refused to have them or either of them attended to, and disregarded the advice of the surgeon in treating the same; and that the said injuries and fractures were thereby aggravated and the pain thereby increased, then plaintiff can recover no damages, for what was caused by his own imprudence and neglect.

The defendant's objection to the third and fourth given for plaintiff, is, that they assume the existence of the facts upon which they are predicated. With respect to the facts mentioned in the third, viz: that plaintiff incurred expenses, had sustained a loss of time and suffered bodily pain and mental anguish, occasioned by the injury, and that it had permanently impaired his ability to labor and to attend to his affairs, and generally to pursue the course of life and business which he might otherwise have followed, the court does not declare that plaintiff had incurred any expenses or that any loss of time had been sustained by him, or that he had suffered any bodily pain or mental anguish occasioned by the injury, or that his ability to labor had been permanently impaired, but told the jury if they found for plaintiff they would allow him the expenses he had incurred in and about his case, etc. What expense? Such as the evidence proved that he had incurred, and that is evidently the qualifications which attaches to each of the facts and conditions stated in the instruction. There was, besides, no conflict of evidence on those points. It was all one way, and we are not inclined to reverse the judgment under such cir-

1. ACTION FOR PERSONAL INJURIES: instruction.

cumstances, because the instruction was not as definite and precise as it might have been.

The fourth instruction does not assume the fact that defendant's surgeon made but a cursory examination of plaintiff's wound, and dressed it unskillfully. By that instruction, the jury was told, that if they so found from the evidence those injuries resulting from such conduct of defendant's surgeon could not be imputed to plaintiff's negligence.

Instruction No. six is objected to on the ground that it is inconsistent with three, four and five given for defendant. It asserts a correct abstract proposition of law. It is not absolutely the duty of a party, under the circumstances in which plaintiff was placed, to employ a skillful surgeon. There may have been no skillful surgeon accessible to him, or he may have employed one recommended as skillful, who proved otherwise, and the court correctly declared the duty of plaintiff to be, the exercise of such care and attention, in regard to his case, as a prudent man under the circumstances would have exercised. The instruction is general, but not misleading and in the third, fourth and fifth of defendant's instructions the facts upon which defendant relied to bar a recovery for any aggravation of the injury occasioned by plaintiff's negligence, are distinctly declared by the court, if found by the jury, to be a bar to such recovery, and there is no conflict between them and plaintiff's sixth. Plaintiff's sixth instruction declared it to be his duty to exercise such care and attention in regard to his case as a prudent man would have exercised under the circumstances, and the defendant's instructions state what conduct on the part of the plaintiff would be a breach of that duty. The fifth for plaintiff is to the same effect, and we are unable to see how defendant could have been prejudiced by instructions which correctly enunciate a legal proposition in general terms when those facts and conditions which might deprive the plaintiff of the benefit of the principle announced in

his instructions, are distinctly stated in instructions given at defendant's instance.

The issue, with respect to the cause of the accident to the train which occasioned plaintiff's injury, was fairly submitted to the jury by the court in instructions one and two, given for plaintiff, and number two given for defendant. The principle of law for which defendant's counsel contends, was distinctly recognized and announced by the court in defendant's second instruction, and there is nothing in those given for plaintiff in conflict with it. The question having been submitted to the jury, under proper instructions, we cannot interfere with their verdict, there having been evidence introduced to warrant their finding.

Nor can we interfere on the ground that the damages assessed are excessive. That was peculiarly a question

S. VERDICT.          for the jury, and we do not think that $3,500 exceeds the amount plaintiff was entitled to recover, assuming the testimony introduced by him, as to the extent of his injury, to be true. All concurring, the judgment is affirmed.